# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America v. Bruce Edward Anderson IV *Defendant(s)* | ) ) ) ) ) ) ) Case No. 4:21-mj-70026-MAG |

FILED
Jan 12 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of December 4, 2020 in the county of Alameda County in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of Ammunition |
| | Maximum Penalties: 10 years' imprisonment, maximum $250,000 fine, maximum 3 years' supervised release, $100 special assessment, forfeiture |

This criminal complaint is based on these facts:

See attached affidavit of ATF Special Agent Christopher Bailey

☑ Continued on the attached sheet.

Approved as to form *Molly K. Priedeman*
AUSA Molly K. Priedeman

Sworn to before me by telephone.

/s/ Christopher Bailey
*Complainant's signature*

Christopher Bailey, Special Agent, ATF
*Printed name and title*

Date: January 12, 2021

*Judge's signature*

City and state: San Jose, California

Hon. Nathanael Cousins
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR
# CRIMINAL COMPLAINT AND ARREST WARRANT

I, Christopher Bailey, a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, state:

## I. INTRODUCTION

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Bruce Edward Anderson IV ("ANDERSON") for unlawfully possessing ammunition, in violation of Title 18, United State Code, Section 922(g)(1), on or about December 4, 2020, in the Northern District of California.

## II. SOURCES OF INFORMATION

2. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and an arrest warrant for ANDERSON, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause that violations of the federal laws identified above occurred. Further, my understanding of the significance of certain events and facts may change as the investigation progresses.

3. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, information provided by reports of other law enforcement officers, information provided by photographic evidence, and information provided by records and databases. I believe these sources to be reliable.

4. Where statements made by other individuals are referenced in this Affidavit, such statements are described in sum and substance and in relevant parts only. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part only.

///

///

///

BAILEY AFF. IN SUPPORT OF CRIMINAL COMPL.

1

### III. AFFIANT BACKGROUND

5. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and have been since February 2009. I am presently assigned to the ATF Oakland Field Office in Oakland, California. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and Special Agent Basic Training at the ATF National Academy. The training that I received at the academy included formalized instruction in, among other things, drug, firearms, and violent crime-related investigations, drug identification and detection, interdiction, familiarization with United States drug and firearms laws, financial investigations and money laundering, identification and seizure of drug and firearms tracking related assets, physical and electronic surveillance, weapon qualification and tactics, operation and use of confidential sources, and undercover operations. Prior to working as an ATF Special Agent, I worked as an industry operations investigator for the ATF and investigated federal firearm and explosive licensees, including manufacturers, importers, and dealers of firearms, for compliance with the Gun Control Act and Code of Federal Regulations.

6. As an ATF Special Agent, I have conducted and participated in both state and Federal investigations involving the trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in and/or served as the primary case agent in cases involving various types of investigative techniques, including the use of electronic surveillance, assistance from undercover agents and informants, and the controlled purchases of firearms and narcotics from suspects. I have also participated in physical surveillance operations and the execution of state and federal arrest warrants and search warrants, resulting in state and federal prosecution of defendants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, telephone toll and subscriber records, as well as information gathered from social media. My work with informants and

BAILEY AFF. IN SUPPORT OF CRIMINAL COMPL.

cooperators has involved, among other things, monitoring meetings and recorded conversations, and generally evaluating the reliability and truthfulness of an informant/cooperator.

7. As a result of my training and experience, I have become familiar with the manner in which illegal firearm and drug traffickers smuggle, transport, store, conceal and distribute firearms and drugs, as well as how they collect and launder proceeds related to such activities. I am also familiar with the manner in which these individuals use telephones, coded communications, false or fictitious identities, social media, and other means to facilitate illegal activities and thwart law enforcement investigations. I have also consulted and discussed these investigations with other law enforcement officers and agents who are experienced in these types of investigations.

## IV. APPLICABLE LAW

8. Title 18 U.S.C. § 922(g) prohibits a person from (1) knowingly possessing a firearm or ammunition, (2) that has been shipped or transported from one state or another or between a foreign nation and the United States, and (3) that at the time the individual possessed the firearm or ammunition, the individual knew that he had been convicted of a crime punishable by imprisonment exceeding one year (i.e., a felony).

## V. FACTS ESTABLISHING PROBABLE CAUSE

### A. **ANDERSON possessed ammunition on or about December 4, 2020**

9. On or about December 4, 2020 at approximately 4:03 p.m., Hayward Police Department ("HPD") officers responded to reports of a shooting at the Southland Mall in Hayward, California, located in the Northern District of California.

10. Officers arrived on scene and located ANDERSON laying on the ground behind his Porsche Panamera (California License Plate 8TTX567).[1] ANDERSON appeared to have sustained gunshot wounds to his right forearm. Medical aid was given to ANDERSON and he was placed into an ambulance.

---

[1] The Porsche is registered to Bruce Anderson at an address in Fairfield, CA.

BAILEY AFF. IN SUPPORT OF CRIMINAL COMPL.

3

11. Officers recovered three fired 9mm caliber cartridge cases in the parking lot. No firearm was recovered during the initial investigation at the scene.

12. I have reviewed Southland Mall security surveillance footage leading up to the reported shooting incident, as well as afterwards. I observed a white-colored sedan back into a parking spot[2] near ANDERSON's parked Porsche Panamera. Minutes later, I observed ANDERSON walk out of the mall exit and into the parking lot towards his vehicle.

13. Per the footage, ANDERSON approaches his vehicle. Next, ANDERSON appears to enter the driver's door, but the camera view is partially blocked by the adjacent vehicle. At this time, two black males exit the white-colored sedan and run to ANDERSON's location.

14. Next, the footage shows ANDERSON and the two black males struggling and falling into the center of the parking lane. A screenshot from the surveillance video is shown below.



15. In the video footage, the two males appear to be engaged in a physical altercation with ANDERSON, likely punching and kicking him. ANDERSON then appears to lay relatively motionless

---

[2] It is unusual for a vehicle to park in this fashion because the each stall is angled in a manner to facilitate pulling head-on into the slot. Further, I know from training, experience, and common sense, that individuals will frequently back into parking spots to facilitate a quick or easier getaway.

BAILEY AFF. IN SUPPORT OF CRIMINAL COMPL.

while the two black males remove items from his person.  The two males then run back to the white sedan.  As they run toward the sedan, ANDERSON gets up and follows after them.

16. Per the footage, ANDERSON appears to pauses momentarily near the rear of the vehicle.  During this time, it appears he is manipulating something, possibly a firearm.[3]  Next, ANDERSON walks towards the white-colored sedan and extends his left arm consistent with the movement of someone firing a handgun.  The white-colored sedan then quickly pulls out of the parking stall and towards the exit.  Meanwhile, I observed ANDERSON walk after the vehicle and extend his left arm again in a shooting motion.  ANDERSON then reenters the Porsche Panamera and drives out of view of the camera.[4]

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

---

[3] Based on my training and experience, I know that when a firearm discharges against an object, the slide of the firearm may be prevented from fulling cycling and chambering another round of ammunition (i.e. the slide did not rack properly).  When this occurs, the user must manually manipulate the slide to load the next round of ammunition to fire it.  An individual experienced with firearms is likely familiar with this type of mechanical issue and would manipulate the firearm to check its readiness to fire.  ANDERSON's movements are potentially consistent with this type of activity.

[4] ANDERSON drove his vehicle out of view of the camera to another part of the lot where he was later contacted by officers.

BAILEY AFF. IN SUPPORT OF CRIMINAL COMPL.

5

17. A screenshot of the surveillance video showing ANDERSON appearing to point a firearm is below with a red arrow added to highlight his location:[5]



18. HPD officers interviewed two witnesses at the Southland Mall who stated that they saw ANDERSON with a firearm. More specifically, one of these witnesses stated that he/she heard a gunshot and when he/she turned to look toward the sound, he/she observed ANDERSON laying on the ground holding a firearm.

19. On or about December 9, 2020, HPD detectives conducted a search of ANDERSON's Porsche Panamera. Detectives searched underneath the hood of the vehicle. Inside a removable plastic panel, they recovered a black Privately Made Firearm ("PMF") 9mm caliber semi-automatic handgun loaded with six rounds of 9mm caliber ammunition inside a fabric bag. Based on the fact that the firearm was found in the vehicle ANDERSON used during the shooting, ANDERSON was seen with a firearm, and no firearm was recovered at the scene, I believe the recovered firearm is potentially the same firearm that ANDERSON used during the December 4, 2020 shooting. Regardless of whether it

---

[5] The quality of the video is much better than the screenshot shown here, and the opinion herein is based on the review of the video in its entirety.

BAILEY AFF. IN SUPPORT OF CRIMINAL COMPL.

was the same firearm, I believe there is probable cause that ANDERSON knowingly possessed the firearm and ammunition because it was secreted in a vehicle registered to him. A photograph of the recovered firearm and ammunition is below:




### B. ANDERSON's Felony Convictions

20. I have reviewed ANDERSON's criminal history as part of my investigation. ANDERSON has been convicted of crimes punishable by a term of imprisonment exceeding one year. On or about June 30, 1998, ANDERSON was convicted of violating California Penal Code Section 459 – Burglary First Degree and sentenced to two years in prison. On or about September 15, 2003, he was convicted of violating California Penal Code Section 459 and sentenced to eight years in prison. On or about October 22, 2015, he was convicted of violating California Health and Safety Code Section 11351 – Possession/Purchase for Sale of Narcotics and sentenced to three years in prison. On or about August 24, 2015, he was convicted of violating California Vehicle Code Section 2800.2(A) – Evading Police Officer and was sentenced to two years in prison.

### C. The Seized Ammunition Traveled in Interstate Commerce

21. I consulted with an ATF expert who informed me that the ammunition loaded in the firearm found in ANDERSON's vehicle was manufactured outside of the state of California and therefore must have crossed state lines to be located in Hayward, California.

## VI. REQUEST TO SEAL

22. The ATF's criminal investigation of ANDERSON is ongoing. In addition, it is my belief that prematurely revealing the specific details and facts, as detailed in this affidavit, may cause flight from prosecution, destruction of or tampering with evidence, intimidating of potential witnesses, and otherwise seriously jeopardizing the investigation (e.g., prompting changes in behavior or notification of confederates). Accordingly, I request that the Court issue an order that the criminal complaint, this affidavit in support of the application for criminal complaint and arrest warrant, the application for the criminal complaint and arrest warrants and the attachment thereto, along with the order itself, be filed under seal until further order of the Court.

## VII. CONCLUSION

23. Based on the information set forth in the paragraphs above, I submit that there is probable cause to believe that on or about December 4, 2020, in the Northern District of California, Bruce Edward ANDERSON IV possessed ammunition, in violation of 18 U.S.C. §§ 922(g)(1).

24. Accordingly, based upon the foregoing, I respectfully request that the Court sign the requested criminal complaint and issue the requested arrest warrant.

25. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

/s/ Christopher Bailey
CHRISTOPHER BAILEY
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this __12th__ day of January, 2021.

HONORABLE NATHANAEL M. COUSINS
United States Magistrate Judge

BAILEY AFF. IN SUPPORT OF CRIMINAL COMPL.
8