MARK REICHEL, State Bar #155034
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California 95814
Telephone: (916) 498-9258
FAX:    (888) 567-2949

mark@reichellaw.com

Attorney for Defendant
BRUCE ANDERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br><br>BRUCE ANDERSON<br><br>            Defendant. | Case No. 22 CR-84 JST<br><br>**DEFENDANT BRUCE ANDERSON'S SENTENCING MEMORANDUM**<br><br>Date: December 1, 2023<br>Time: 9:30 a.m.<br>Judge: Honorable Troy JOHN S. TIGAR<br>       United States District Judge |

## DEFENSE SENTENCING MEMORANDUM

**Defense request.** Defendant Bruce Anderson submits the matter to the court's discretion without an evidentiary hearing and without defense objections on the issue of the appropriate final guideline calculations. Defendant understands that the court will therefore likely find the final offense level to be 15 and a guideline range of 41-51 months. Bruce Anderson urges the court for a sentence of 41 months, to be reduced down 25 months through a variance and that it is ordered to run concurrent with any sentence eventually imposed in Placer County Superior Court Case *People v Bruce Anderson*, No. 62-176265. Pursuant to their promises in the written plea agreement on file with this court, the government does not oppose the defense requests for the variance and the request for the sentence to run concurrent.

The requested variance is based upon the fact that Bruce was brought into federal custody in this case through a writ[1] while awaiting trial in the state court case referenced above, and he will not get federal custody credit on the instant federal case until that state sentence is finished. That state sentence involves a "Three Strikes" charge of 25 years to life and his offer to resolve the case there is somewhere around 20 years. As well, the prosecution in the Placer County case has in tentative settlement discussions agreed that the state sentence can run concurrent with the federal sentence, as part of a "global" resolution, but unless this court makes that order then the Bureau of Prisons will be without authority to do so. As this court is aware, federal sentences may be consecutive or concurrent to undischarged state terms. The normal rule is that there is no prior custody credit on federal sentence for time credited toward a state sentence. Concurrent federal sentence may begin on date it is imposed, but not earlier.

Therefore, Bruce makes a well founded request–which the government does not oppose- for a variance which grants him a 25 month reduction (October 29, 2021 to December 1, 2023) in this sentence and an order that his sentence run concurrent with the Placer County case.

**<u>Sentencing Law and support for the defense request</u>**.[2] As is widely known, virtually anything at all, post *Booker*, is a valid issue for the court to consider when imposing a sentence. The Sentencing Reform Act, 18 U.S.C. §3551 et seq., imposes an "overarching instruction" that district courts must select a sentence "sufficient but ***not greater than necessary***" to achieve the sentencing goals in section

---

[1] On October 29, 2021.

[2] In what certainly speaks loudly to defense request, the increase here for uncharged and non convicted "relevant conduct" supporting the 4 level enhancement which drastically increases the punishment (from 11 levels to 15) has not been proved to a jury, nor even indicted with probable cause. On such an issue, , the Supreme Court began in 1999 examining the right to jury trial in both the original Constitution and the Bill of Rights. See U.S. Const. Art. III, § 2, cl. 3, U.S. Const. Amend. 6. The Court concluded that the right to jury trial is both an individual right and a structural allocation of power to the people, and held that, in order to give it meaningful content, any fact that exposes a defendant to greater potential punishment must be found by a jury beyond a reasonable doubt. *Jones v. United States*, 526 U.S. 227 (1999); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005). A majority of the Court in *Booker* applied this reasoning to hold that judicial factfinding under the mandatory United States Sentencing Guidelines violated the Sixth Amendment. A different majority (with Justice Ginsburg in both) created a remedy, directing judges to impose a sentence that complies with 18 U.S.C. § 3553(a) and to treat the guidelines as merely advisory within that statutory framework, and instructing courts of appeals to review all sentences for reasonableness.

3553(a)(2). *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). The factors set forth in 3553 comprise "a tapestry of factors, through which runs an overarching principle," the court's duty "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008). In *Rita v. United States*, 127 S. Ct. 2456 (2007), *Kimbrough v. United States*, 128 S. Ct. 558 (2007) and *Gall v. United States*, 128 S. Ct. 586 (2007), and also in *Cunningham v. California*, 127 S. Ct. 856 (2007), the Court gave substantive and procedural content to making clear that Section 3553(a) is the *controlling* sentencing law and rejecting the devices that were used after *Booker* to maintain a de facto mandatory guideline system.  The Supreme Court envisions that a district court will *always* consider arguments that the Guideline sentence should not apply because the guideline itself fails properly to reflect Section 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate regardless. Rita, at 2468.  **Along with this, the Court places nothing off-limits for district courts**. All the Guidelines are advisory and a judge may determine that any within Guidelines sentence is "greater than necessary" to serve the objectives of sentencing.  Kimbrough , at 564.  District courts may not simply defer to policies of the Commission.  Rita, at 2468.

Here, the defense points out the following very relevant factors to support a request for the low end of the guidelines, with the variance as requested and a concurrent sentence ordered:

* *Difficult life and upbringing*. As the PSI points out, Bruce suffered a very difficult and traumatic childhood in all respects. It likely explains some of his judgement issues.

* *Never spent a real considerable time in custody before*.  He faces the possibility of an extremely long state sentence and has now been in custody on that state case since November 2020.

* *His pretrial detention will be lengthy and is very onerous custody time*. The Santa Rita Jail has been a very difficult time for Bruce.  There are no real educational, vocational, or rehabilitative services for pretrial jail inmates.  It is not for that purpose; it is to hold the person awaiting trial. It does not approximate prison. Once Bruce is returned to Placer County, he will most likely spend an additional year there before his sentencing, if convicted.  A trial would start in the summer of 2024, and would last quite some time.  His sentencing, if that happens, would not occur until the spring, likely, of the following year.

1 |   *Suffered already by being shot when robbed.* There is no dispute that Bruce has suffered quite a bit already in this matter; he was shot at close range while being violently robbed. Such is not the case for normal felon in possession cases.

  This court is requested to sentence Bruce to the low end of the guidelines (41 months) which would then be reduced by variance down 25 months, and order that the sentence be run concurrent with any sentence imposed in the Placer County case referenced herein. Bruce suggests to the court that any incarceration above this defense request would not fulfill any of the interests that are normally served by incarceration, and would be in excess of what is required under a standard of "reasonableness" in this instance.

Dated: November 27, 2023

            Respectfully submitted,

            *Mark J. Reichel*
            MARK J. REICHEL
            ATTORNEY FOR DEFENDANT